```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION
```

MICHAEL TAYLOR,                )
                               )
        Plaintiff,             )
                               )
    v.                         )    No. 4:07CV266 AGF
                               )
LARRY CRAWFORD, et al.         )
                               )
        Defendants.            )

## MEMORANDUM AND ORDER

This matter is before the Court upon the application of Michael Taylor (registration no. 535054), an inmate at Potosi Correctional Center (PCC), for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that the applicant does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $17.57. See 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will order the Clerk to issue process or cause process to be issued on the complaint as to two of the named defendants, and the Court will dismiss the case as to all other defendants.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20

percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Applicant has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of applicant's account indicates an average monthly deposit of $32.50, and an average monthly balance of $87.85. Applicant has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $17.57, which is 20 percent of applicant's average monthly balance.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis

2

in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983 alleging that he has been confined in administrative segregation in violation his right to due process. Named as defendants are Larry Crawford (Director, Missouri Department of Corrections (MDOC)), Terry Moore (Director, Missouri Division of Adult Institutions), Steven Long (Assistant Zone Director, MDOC), Lisa Jones (Constituent Service Officer), Don Roper (Superintendent, PCC), Fred Johnson (Assistant Superintendent, PCC), Ian Wallace (same), Sharon Gifford (Functional Unit Manager, PCC), Melody Haney (same), Gary Kemper (former director of MDOC, 2001 - 2005), and George

Lombardi (Director, Missouri Division of Adult Institutions). Plaintiff seeks monetary relief.

In October 1999, plaintiff was an inmate at Potosi serving a life sentence for first-degree murder and forcible rape. Missouri v. Taylor, 134 S.W.3d 21, 24 (Mo. 2004). On October 3, 1999, plaintiff strangled his cellmate to death. Id. Plaintiff explained to an investigator that his "father" from the "dark side" told plaintiff to kill his cellmate. Id. A jury convicted plaintiff of first-degree murder for the killing, and plaintiff was given a sentence of death. Id. The sentence was later affirmed by the Missouri Supreme Court. Id. at 31.

Plaintiff alleges that he has been in administrative segregation since the killing of his cellmate. Plaintiff claims that he is locked in solitary confinement at all times, except that he is allowed to spend one hour outside three times a week. When he is outside, says plaintiff, he is confined to an eight foot by twenty foot cage.

Plaintiff states that defendants Haney and Gifford have held periodic classification hearings to determine whether plaintiff should remain in administrative segregation. Plaintiff believes that the procedures used in the hearings do not comport with the requirements of due process. Additionally, plaintiff contends that the length of time he has spent in administrative segregation, along with the fact that he has no prospect of ever leaving

4

administrative segregation, shows that defendants are depriving him of his right to due process.

## Discussion

**A.   Frivolous Allegations**

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995)(respondeat superior theory inapplicable in § 1983 suits).  In the instant action, plaintiff has not set forth any facts indicating that any of the named defendants except Haney and Gifford were directly involved in or personally responsible for the alleged violations of his constitutional rights.  As a result, the complaint will be dismissed as to all defendants except Haney and Gifford.

**B.   Non-frivolous Allegations**

The Court finds that plaintiff's allegations against Haney and Gifford survive initial review under 28 U.S.C. § 1915(e)(2)(B) and should not be dismissed at this time.  As a result, the Court will order Haney and Gifford to respond to the complaint.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $17.57 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order without good cause shown, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendants Haney and Gifford.[1]

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants Haney and Gifford shall reply to plaintiff's claims within the time provided by the applicable provisions of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendants Crawford, Moore, Long, Jones, Roper, Johnson, Wallace, Kemper, or

---

[1]Defendants Haney and Gifford are allged to be Functional Unit Managers at Potosi Correctional Center.

Lombardi because, as to these defendants, the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

An appropriate order of partial dismissal shall accompany this Memorandum and Order.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 14th day of March, 2007.