UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| MICHAEL TAYLOR, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Case No. 4:07CV00266 AGF |
|  | ) |  |
| LARRY CRAWFORD, et al. | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion to file an amended complaint. The motion will be granted. Because plaintiff is a prisoner proceeding in forma pauperis, the Court is required to review the complaint under 28 U.S.C. § 1915(e) and dismiss it if it fails to state a claim upon which relief can be granted, is frivolous or malicious, or if it seeks monetary relief against a defendant who is immune from such relief. Having reviewed the complaint, the Court finds that it should be partially dismissed and that it should be allowed to proceed against defendants Haney and Gifford.

### The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983 alleging that he has been confined in administrative segregation in violation his right to due process. Named as defendants are Larry Crawford (Director, Missouri Department of Corrections (MDOC)), Terry Moore (Director, Missouri Division of Adult Institutions), Steven Long (Assistant Zone Director, MDOC), Tom Clements (Assistant Director, DOAI), Don Roper (Superintendent, PCC),

Fred Johnson (Assistant Superintendent, PCC), Ian Wallace (same), Sharon Gifford (Functional Unit Manager, PCC), Melody Haney (same), Gary Kempker (former director of MDOC, 2001 - 2005), and George Lombardi (Director, Missouri Division of Adult Institutions). Plaintiff seeks monetary relief.

In October 1999, plaintiff was an inmate at Potosi serving a life sentence for first-degree murder and forcible rape. Missouri v. Taylor, 134 S.W.3d 21, 24 (Mo. 2004). On October 3, 1999, plaintiff strangled his cellmate, Shackrein Thomas, to death. Id. After killing Thomas, plaintiff summoned the guards to his cell. Id. Thomas's body was found on the cell floor with a bite mark in the middle of his back. Id. His right eye had nearly been dislodged from the eye socket, his left eye was swollen, and there were abrasions on his abdomen. Id. There was evidence that the two men had engaged in sexual activity before the murder. Id. Plaintiff later explained to an investigator that his "father" from the "dark side" told him to "send" Thomas to him. Id. A jury convicted plaintiff of first-degree murder for killing Thomas and sentenced plaintiff to death. Id. The sentence was later affirmed by the Missouri Supreme Court. Id. at 31.

Plaintiff alleges that he has been in administrative segregation since he murdered Thomas. Plaintiff claims that he is locked in solitary confinement at all times, except that he is allowed to spend one hour outside three times a week. When he is outside, says plaintiff, he is confined to an eight foot by twenty foot cage.

Plaintiff states that defendants Haney and Gifford have held periodic classification hearings to determine whether plaintiff should remain in administrative segregation. Plaintiff believes that the procedures used in the hearings do not comport with the requirements of due process. Additionally, plaintiff contends that the length of time he has spent in administrative segregation, along with the fact that he has no prospect of ever leaving administrative segregation, shows that defendants are depriving him of his right to due process.

## Discussion

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995)(respondeat superior theory inapplicable in § 1983 suits). Plaintiff's allegations against Crawford, Moore, Long, Clements, Roper, Johnson, Wallace, Kempker, and Lombardi fall short of showing that a causal link exists between the alleged deprivation of his rights and the actions of these defendants. Plaintiff merely alleges that he wrote letters to these defendants, that they reviewed his grievances, and that they "tacitly" authorized his continued placement in administrative segregation. As a result, the complaint will be dismissed as to defendants Crawford, Moore, Long, Clements, Roper, Johnson, Wallace, Kempker, and Lombardi for failure to state a claim upon which relief can be granted.

The Court finds that plaintiff's allegations against Haney and Gifford survive initial review under 28 U.S.C. § 1915(e)(2)(B) and should not be dismissed at this time. As a result, the Court will allow the case to proceed as to Haney and Gifford, who are the only named defendants in Count I of the amended complaint.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to file an amended complaint [#23] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for extension of time to file motion for joinder of additional parties and amended complaint [#21] is **DENIED** as **moot**.

**IT IS FURTHER ORDERED** that, as to defendants Crawford, Moore, Long, Clements, Roper, Johnson, Wallace, Kempker, Lombardi, plaintiff's complaint is **DISMISSED**, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that Count II of the amended complaint is **DISMISSED**.

<span style="text-align:right">*[signature: Audrey G. Fleissig]*
AUDREY G. FLEISSIG
UNITED STATES MAGISTRATE JUDGE</span>

Dated this 16th day of July, 2007.