# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL TAYLOR, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 4:07CV266 AGF |
| LARRY CRAWFORD, et al. | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

In October 1999, Plaintiff, a prisoner at Potosi Correctional Center ("PCC"), murdered his cellmate. Ever since the murder, Plaintiff has been assigned to administrative segregation. Plaintiff brought this action under 42 U.S.C. § 1983 alleging that his long-term assignment to administrative segregation violates his rights to equal protection and due process of law.[1] Defendants have moved for summary judgment on the basis that Plaintiff has produced no evidence to support his equal protection claim, that Plaintiff's assignment to administrative segregation is not an atypical and significant hardship, and that Plaintiff has been afforded the due process of law required by the Constitution of the United States. After reviewing the evidence,

---

[1] The parties have consented to the exercise of authority by the undersigned United States Magistrate Judge under 28 U.S.C. § 636(c).

the Court finds for defendants. The Court will, therefore, grant the motion and enter judgment in favor of defendants.

## Standard

Under Rule 56(c) of the Federal Rules of Civil Procedure, a motion for summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."

In reviewing a motion for summary judgment, this Court is required to view the facts in a light most favorable to the non-moving party and to give the nonmoving party the benefit of any inferences that can logically be drawn from those facts. Matsushita, 475 U.S. 574, 587 (1986); Buller v. Buechler, 706 F.2d 844, 846 (8th Cir. 1983). Moreover, this Court is required to resolve all conflicts in favor of the nonmoving party. Robert Johnson Grain Co. v. Chem. Interchange Co., 541 F.2d 207, 210 (8th Cir. 1976). This Court is, however, "'not required to speculate on which portion of the record the nonmoving party relies, nor is it obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim.'" Barge v. Anheuser-Busch, Inc., 87 F.3d 256, 260 (8th Cir. 1996) (quoting White v. McDonnell Douglas Corp., 904 F.2d 456, 458 (8th Cir. 1990)). When the nonmoving party fails to provide a statement of facts with citations to the record, that party fails

to create a genuine issue of material fact. Id.; E.D. Mo. L.R. 4.01(E) ("All matters set forth in the statement of the movant shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party.").

## Background

Defendants Sharon Gifford and Melody Haney are both Functional Unit Managers at PCC. Gifford also serves as the Committee Chairperson for the Administrative Segregation Committee.

In October 1999, Plaintiff was an inmate at PCC serving a life sentence for first-degree murder and forcible rape. Missouri v. Taylor, 134 S.W.3d 21, 24 (Mo. 2004) (en banc). On October 3, 1999, Plaintiff strangled his cellmate, Shackrein Thomas, to death. Id. After killing Thomas, Plaintiff summoned the guards to his cell. Id. Thomas's body was found on the cell floor with a bite mark in the middle of his back. Id. His right eye had nearly been dislodged from the eye socket, his left eye was swollen, and there were abrasions on his abdomen. Id. There was evidence that the two men had engaged in sexual activity before the murder. Id. Plaintiff later explained to an investigator that his "father" from the "dark side" told him to "send" Thomas to him. Id. A jury convicted Plaintiff of first-degree murder for killing Thomas and sentenced Plaintiff to death. Id. The sentence was later affirmed by the Missouri Supreme Court. Id. at 31.

On July 11, 2000, Plaintiff was transferred to Crossroads Correctional Center. Plaintiff was transferred back to PCC on February 11, 2003. On the day of his arrival at PCC, Plaintiff received an administrative segregation hearing and was placed in administrative segregation.

The Administrative Segregation Committee has held a hearing on Plaintiff's status every 90 days. At the conclusion of each hearing, the Committee decided to keep Plaintiff confined to administrative segregation because releasing Plaintiff from administrative segregation would create a danger to the safety and security of the institution. Plaintiff received notice prior to each hearing, and has received both oral and written notification of the reasons why he has been kept in administrative segregation.

On March 15, 2007, defendant Gifford and the Administrative Segregation Committee recommended that Plaintiff begin to be acclimated to a two-man cell so that he could begin the process of leaving administrative segregation. Gifford and Plaintiff signed a contract detailing the steps Plaintiff would have to take to get out of administrative segregation and move into general population. The recommendation and contract were submitted to the Deputy Warden of Offender Management for approval; the Deputy Warden denied the recommendation and revoked the contract.

Plaintiff filed this action on February 5, 2007.

## Discussion

Plaintiff argues that his confinement in administrative segregation for more than eight years violates both the Equal Protection Clause and the Due Process Clause of the Constitution of the United States. Plaintiff maintains that the Equal Protection Clause is implicated because another prisoner, who also killed his cellmate, was released into the general population after spending only one year in administrative segregation. Plaintiff contends that the Due Process Clause is implicated because his long-term confinement in administrative segregation is an atypical and significant hardship in the context of normal prison life and because the hearings have been inadequate.

Defendants argue that Plaintiff's Equal Protection Clause claim fails because Plaintiff has not alleged that he is a member of a suspect class and because Plaintiff has failed to put forth any evidence that other similarly situated prisoners have been treated differently. Defendants reason that Plaintiff's Due Process Clause claim fails because his long-term confinement in administrative segregation is not an atypical and significant hardship in the context of normal prison life, or alternatively, that Plaintiff has been provided with adequate due process of law. Defendants further argue that they are entitled to qualified immunity.

Prisoners in administrative segregation have a right to equal protection. Hosna v. Groose, 80 F.3d 298, 304 (8th Cir. 1996). Where, as in this case, a plaintiff has not alleged that he is a member of a suspect class, the claim is reviewed under a rational basis standard. Id. To prevail on his equal protection claim, Plaintiff must prove that persons who are similarly situated are treated differently by Defendants and that Defendants have failed to provide a rational basis for the dissimilar treatment. Id.

Plaintiff has failed to introduce any admissible evidence that any other similarly-situated prisoners have been treated differently than himself. As a result, Plaintiff's Equal Protection Clause claim fails as a matter of law. See Williams v. Norris, No. 06-3595, 2008 WL 2003319, at *3 (8th Cir. May 12, 2008) (unpublished per curiam) (affirming grant of summary judgment in prison official's favor on inmate's equal protection claim where inmate confined in adminstrative segragation for extended duration "made no showing that parole-eligible inmates, death-row inmates, or other categories of inmates were treated differently, despite being similarly situated, in a manner that bore no rational relation to any legitimate penological interest").

"An inmate who makes a due process challenge to his segregated confinement 'must make a threshold showing that the deprivation of which he complains imposed an "atypical and significant hardship."'" Portley-El v. Brill, 288 F.3d 1063, 1065 (8th Cir. 2002) (quoting Sims v. Artuz, 230 F.3d 14, 22 (2d Cir. 2000)).

Defendants urge the Court to find that Plaintiff's long-term placement in administrative segregation is not an atypical and significant hardship in the context of normal prison life, noting that the United States Court of Appeals for the Eighth Circuit has "consistently held that assignment to segregation is not in itself a significant and atypical hardship." In support of this proposition, Defendants cite to Kennedy v. Blankenship, 100 F.3d 640, 642 (8th Cir. 1996), in which the court found that 30 days in punitive isolation did not constitute an atypical and significant hardship. This Court is aware of several other cases in which the United States Court of Appeals for the Eighth Circuit has held that relatively short periods of isolation do not give rise to a due process claim. See, e.g., Wycoff v. Nichols, 94 F.3d 1187, 1190 (8th Cir. 1996) (ten days disciplinary detention and 100 days in maximum security cell not atypical and significant).

Plaintiff in this case has been confined in administrative segregation for many years longer than the Plaintiffs in the cases cited above. This Court believes that Plaintiff's confinement in administrative segregation for the length of time and conditions involved here constitutes an atypical and significant hardship in the context of ordinary prison life. See Williams, 2008 WL 2003319, at *1 (holding that confinement in administrative segregation for twelve years created a protected liberty interest); Shoats v. Horn, 213 F.3d 140, 144 (3d Cir. 2000) (same as to eight years).

However, the evidence shows that Defendants have provided Plaintiff with due process of law in conjunction with his continued placement in administrative segregation.

"[W]here an inmate is held in segregation for a prolonged or indefinite period of time due process requires that his situation be reviewed periodically in a meaningful way and by relevant standards to determine whether he should be retained in segregation or returned to population." Kelly v. Brewer, 525 F.2d 394, 400 (8th Cir. 1975).

Defendants have introduced evidence showing that the Administrative Segregation Committee has held hearings every 90 days to determine whether Plaintiff should remain in administrative segregation or be returned to the general population. The result of each hearing has been a decision to keep Plaintiff in administrative segregation because releasing him to the general population would create a danger to the safety and security of the institution. Upon review of this evidence, the Court finds that the review of Plaintiff's situation by the Administrative Segregation Committee has been meaningful and that the standard applied to Plaintiff's confinement is relevant to the danger he poses to the rest of the prison population. As a result, the Court finds that Plaintiff's Due Process Clause claim fails as a matter of law. See Shoats, 213 F.3d at 145-46; cf. Williams, 2008 WL 2003319, at *2-3 (reversing grant of summary judgment in favor of prison officials on inmate's due process claim based upon

prolonged confinement in administrative segregation where they offered "no evidence whatsoever as to why they concluded, after each hearing before a committee tasked with reviewing Williams's housing status, that he remained a security threat").

Finally, "[q]ualified immunity protects state actors from civil liability when their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Maness v. Dist. Court, 495 F.3d 943, 944 (8th Cir. 2007). To determine whether a state actor is entitled to qualified immunity, the Court must resolve two questions: first, whether the official deprived Plaintiff of a constitutional right, and second, whether that right was so clearly established as the time that a reasonable official would have understood that his or her conduct was unlawful under the circumstances. Kahle v. Leonard, 477 F.3d 544, 550 (8th Cir. 2007).

As is stated above, the Court concludes that Defendants have not deprived Plaintiff of a constitutional right. The United States Court of Appeals for the Eighth Circuit has consistently held that where an inmate is held in administrative segregation for a prolonged or indefinite period, due process requires that his situation be reviewed periodically in a meaningful way. See Williams, 2008 WL 2003319, at *2 (citing cases). Here Defendants have provided Plaintiff with regular hearings for the purpose of determining whether Plaintiff is fit to return to the general population. There is no

evidence that Defendants' conduct was not reasonable under the circumstances. As a result, the Court concludes that Defendants would be entitled to qualified immunity.

**Conclusion**

For these reasons, the Court will enter summary judgment in favor of defendants and against Plaintiff.[2]

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motion for summary judgment [Doc. #51] is **GRANTED**.

A separate Judgment will accompany this Memorandum and Order.

Dated this 18th day of August, 2008.

_____
AUDREY G. FLEISSIG
UNITED STATES MAGISTRATE JUDGE

---

[2] By Memorandum and Order dated July 16, 2007 [Doc. #25], the Court dismissed the complaint as to several other Defendants, including supervisory prison officials, for failure of the complaint to state a claim against them. The present Memorandum and Order would apply to those Defendants as well, entitling them to summary judgment in their favor.